THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED D'ANTONIO, Appellant.

First Department, February 18, 1958.

*Charles S. Lazarus* of counsel (*Fusco & Lazarus,* attorneys), for appellant.

*Irving Anolik* of counsel (*Daniel V. Sullivan, District Attorney*), for respondent.

VALENTE, J.  On this appeal from a judgment convicting defendant of the crime of robbery in the first degree, we are mainly concerned with the question whether, as a matter of law, there was sufficient evidence to corroborate the testimony of accomplices as required by section 399 of the Code of Criminal Procedure.  Our perusal of the record convinces us that not only was the defendant one of the holdup men but that he conceived and planned the operation.  But since most of the testimony at the trial came from the mouths of admitted accomplices, the conviction cannot stand unless there was evidence from a source independent of the accomplices tending to show defendant was connected with the commission of the crime (Code Crim. Pro., § 399).  We have concluded there was ample testimony, if believed by the jury, to constitute such corroboration.

While the testimony of eyewitnesses as to the stature, attire and conduct of the leader of the perpetrators of the holdup may not be such independent evidence which tends to implicate defendant in the crime, we do find that the testimony of the witness, Palanza, furnishes the necessary connection.  Primarily, she placed the defendant at her offices — the location of the business of two of the accomplices — both before and after the holdup, and at the time the accomplices testified the defendant was there.  Additionally, there was Palanza's testimony as to the defendant's request on the day of the robbery that she hold an envelope — obviously an object of value — for him overnight and to bring it back the next day.  This, coupled with the circumstances attending the return of the envelope to defendant the following day, when taken into consideration with Palanza's testimony of defendant's presence at that place with the other participants in the crime on a number of occasions immediately before and after the holdup, establishes an association " of such a character and of such intimate connection with the criminal enterprise that it may be inferred that it tends to connect the defendant with the commission of the crime." (*People v. Kress,* 284 N. Y. 452, 460.)

166

While some of us agree that the witness Palanza was not an accomplice as a matter of law, there was no prejudice to defendant in the court's charging that the jury was to determine her status as an accomplice as a matter of fact. On the contrary, such a charge was most favorable to the defendant since the jury could then disregard her tesimony on the matter of corroboration if they concluded she was an accomplice. Implicit in the court's charge was the necessity of finding corroboration of the testimony of all accomplices. Had defendant requested it, he would have been entitled to a further charge that defendant was to be acquitted if the jury found Palanza to be an accomplice. But no such request was made. Such a request would have been consistent with the position taken by defense counsel during the trial that the testimony of the eyewitnesses was insufficient as a matter of law to corroborate the accomplices' testimony. While there was an exception taken in general terms to the sufficiency of the charge as to corroboration, there was no specific request to charge differently. The error, if any, is therefore unavailable to defendant on this appeal (see *People* v. *Feld*, 305 N. Y. 322, 332). But under section 527 of the Code of Criminal Procedure, this court may order a new trial if it be satisfied " that justice requires a new trial, whether any exception shall have been taken or not, in the court below." We find no basis in the record for concluding that the interests of justice require a new trial. On the contrary, we find that defendant was accorded a fair trial and that the legal evidence points indisputably to his guilt. The judgment of conviction should be affirmed.

BOTEIN, P. J., BREITEL, STEVENS and BERGAN, JJ., concur.

Judgment unanimously affirmed.